## Warren Jewelry Company, Appellee, v. Leo Kaul, trading as The Lipman Supply House, Appellant.

### Gen. No. 22,984.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed July 2, 1917.

### Statement of the Case.

Action by Warren Jewelry Company, plaintiff, against Leo Kaul, trading as The Lipman Supply House, defendant, to recover for goods sold and delivered. From a judgment for plaintiff for $669.88, defendant appeals.

TELLER, HART & PENNISH, for appellant; CARROLL A. TELLER, of counsel.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 5*—*when Appellate Court will not take judicial notice of rules of.* The Appellate Court will not take judicial notice of the rules of the Municipal Court of Chicago,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Warren Jewelry Co. v. Kaul, 207 Ill. App. 134.

and no effect can be given such rules unless they be preserved in a bill of exceptions.

2. APPEAL AND ERROR, § 27*—*what must be preserved by bill of exceptions.* The action of the trial court in striking an affidavit of merits from the files cannot be reviewed unless the motion to strike such affidavit of merits from the files is preserved by the bill of exceptions.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits in action to recover for goods sold and delivered is insufficient.* In an action in the Municipal Court of Chicago to recover for jewelry sold and delivered where the statement of claim stated that defendant was indebted to plaintiff for goods sold and delivered during a certain period, an affidavit of merits stating that the goods delivered to defendant were worthless to him, that he could collect nothing for the same from his customers, and that "the crosses were causing him considerable trouble," etc., *held* to be insufficient.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of set-off in action for goods sold and delivered is insufficient.* In an action in the Municipal Court of Chicago to recover for goods sold and delivered during a certain period, a statement of set-off relating to several items of damage to defendant by reason of the alleged inferior quality of the goods sold to him by plaintiff and which did not appear to be in any way connected with or the result of the transaction with plaintiff, *held* to be insufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.